UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JOHN JASON HAMMOND,

       Petitioner,

v.                                                             Case No. 2:13-CV-271
                                                                HON. R. ALLAN EDGAR

DUNCAN MACLAREN,

       Respondent.
_____/

**OPINION & ORDER**

       Petitioner filed this § 2254 petition for writ of habeas corpus challenging the validity of his state court conviction for violations of his constitutional rights. In 2009, a jury convicted Petitioner of four counts of criminal sexual assault in the first degree (MICH. COMP. LAWS § 750.520b), and one count of kidnapping–custodial interference (MCL § 750.350a1). PageID.46. Petitioner was sentenced from 270 to 420 months concurrent for four counts of sexual assault, and a concurrent one year sentence for the kidnapping conviction. PageID.9, 46. Petitioner remains in the custody of the Michigan Department of Corrections (MDOC).

       After his conviction, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals with appointed counsel. PageID.47. The Court of Appeals denied his application and affirmed his convictions on June 8, 2012. *Id*. Petitioner then filed an application for leave to appeal to the Michigan Supreme Court, which was denied on October 11, 2012. *Id.*

       Petitioner did not file a motion for relief from judgment in the state trial court, nor

did he appeal to the United States Supreme Court. PageID.48-49. Instead, he filed a habeas application in this Court on August 23, 2013. ECF No. 1. Petitioner also filed an amended application on October 9, 2013. ECF No. 3. Petitioner maintains that his convictions were based on violations of his state and federal rights. Petitioner sets forth the following claims for relief:

> I. The trial judge made multiple erroneous evidentiary rulings which denied Mr. Hammond his Due Process right to a fair trial.
>
> II. The prosecutor engaged in substantial and material misconduct which denied Mr. Hammond his federal constitutional Due Process right to a fair trial, *inter alia*, by asking the jury to draw an inculpatory reference from Mr[.] Hammond's failure to deny the sexual assault allegations during direct examination, by asking Mr. Hammond to comment on the credibility of another witness and by asking the complainant's biological mother to vouch for her credibility.
>
> III. Defense counsel's deficient performance denied Mr. Hammond his Sixth Amendment right to effective assistance of counsel at trial.

PageID.2, 51-52, 54  Respondent filed a response to Petitioner's habeas application on May 2, 2014. ECF No. 7. Petitioner has not filed a reply. The matter is now ready for a decision.

I.

Petitioner filed this petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996. PUB. L. 104-132, 110 STAT. 1214 (AEDPA); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002) (noting that AEDPA prevents federal habeas "retrials" and ensures state convictions are made under state law). 28 U.S.C. § 2254(d) provides that any habeas application by a person in state custody shall not be granted in regards to any claim that has previously been adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

>determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

This Court may only consider "clearly established holdings" of the Supreme Court, not lower federal courts, in analyzing a petitioner's claim under § 2254. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). A decision of the state court may only be overturned if: (1) it applies a rule contradicting Supreme Court governing law, (2) it contradicts a set of facts materially indistinguishable from a Supreme Court decision, (3) it unreasonably applies correct Supreme Court precedent to the facts of the case, (4) it unreasonably extends Supreme Court legal principles where it should not apply, or (5) it unreasonably refuses to extend Supreme Court legal principle where it should apply. *Bailey*, 271 F.3d at 655; *see also Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" simply because that court decides, in its own judgment, that the relevant state decision applied federal law incorrectly. *Williams*, 529 U.S. at 410-11 (noting that it must instead determine if the state court's application of clearly established federal law was "objectively unreasonable"). This Court defers to state court decisions when the state court addressed the merits of petitioner's claim. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000); *see Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (allowing review of habeas application *de novo* when state court clearly did not reach the question). When applying AEDPA to state factual findings, factual issues by state courts are

presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429.

After applying the standards under AEDPA to Petitioner's case, this Court concludes that Petitioner has not provided clear and convincing evidence that the state court improperly applied clearly established federal law to the facts of Petitioner's case.

II.

Petitioner raises three claims demonstrating that his constitutional rights to a fair trial, due process of the law, and effective assistance of counsel have been violated. Each is considered individually. While Respondent raises the issue of procedural default, the Court will decide Petitioner's claims on the merits. *See Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."), and *Nobles v. Johnson*, 127 F.3d 409, 423-24 (5th Cir. 1997) (deciding against the petitioner on the merits even though the claim was procedurally defaulted)); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

**A. Evidentiary Rulings**

Petitioner's first claim is that "[t]he trial judge made multiple erroneous evidentiary rulings which denied Mr. Hammond his due process right to a fair trial." PageID.13. Specifically, Petitioner claims that the judge "abused his discretion by permitting the prosecution to present other bad acts evidence that was not relevant and more prejudicial than probative."

PageID.13. The alleged "other acts" include: (1) testimony from Mr. Hammond's cousin claiming that he attempted to have intercourse with her eighteen years prior to the trial date (PageID.17); (2) testimony from Mr. Hammond's sister claiming that he touched her inappropriately years before his trial (PageID.18); and (3) evidence showing Mr. Hammond was convicted of attempted second degree criminal sexual conduct with his sister (PageID.19).

The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id.* at 67-68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. State-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quotation omitted); *accord Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir.), *cert. denied*, 540 U.S. 930 (2003). "[C]ourts have defined the category of infractions that violate fundamental fairness very narrowly." *Bugh*, 329 F.3d at 512 (internal quotations and citations omitted). Because Petitioner's state law evidentiary claims do not rise to a constitutional level, as required for habeas review, these claims are denied.

To the extent that Petitioner claims his due process rights to a fair trial were violated due to these evidentiary rulings, these claims also fail. The Michigan Court of Appeals

reviewed this precise issue, and denied it:

> On appeal, defendant first argues that the trial court abused its discretion regarding several evidentiary rulings. Specifically, defendant argues that the trial court abused its discretion by admitting other acts evidence . . . . We disagree.
>
> "This Court reviews a trial court's determination of evidentiary issues for an abuse of discretion." *People v. Farquharson*, 274 Mich.App. 268, 271; 731 NW2d 797 (2007). We review unpreserved issues for plain error that affects a defendant's substantial rights. *People v. Carines*, 460 Mich. 750, 763; 597 NW2d 1205 (1999).
>
> The trial court did not abuse its discretion by admitting evidence of defendant's past CSC convictions involving complainant and her sister and defendant's past sexual misconduct with his niece. Those acts were admissible pursuant to MCL 768.27a, which provides in pertinent part that, "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." MCL 768.27a(1). "A defendant's propensity to commit criminal sexual behavior can be relevant and admissible under the statutory rule to demonstrate the likelihood of the defendant committing criminal sexual behavior toward another minor." *People v. Petri*, 279 Mich.App. 407, 411; 760 NW2d 882 (2008). MCL 768.27a does not require a defendant to have been convicted of the previous act for that act to be admissible. *Id.* Moreover, the statute does not contain a temporal limitation. The remoteness of the other act affects the weight of the evidence rather than its admissibility. *People v. McGhee*, 268 Mich.App. 600, 611-612; 709 NW2d 595 (2005). The other acts evidence of defendant's sexual assaults of complainant, complainant's sister, and defendant's niece was admissible under MCL 768.27a.[2] Furthermore, we hold that the probative value of the evidence was not outweighed by the danger of unfair prejudice. MRE 403.
>
> _____
>
> 2. . . . . Finally, although the trial court admitted the other acts evidence pursuant to MRE 404(b) rather than MCL 768.27a, we find that the trial court reached the right result. Therefore, we decline to consider whether the evidence was admissible under MRE 404(b). See *Pattison*, 276 Mich.App. at 616.

*People v. Hammond*, No. 296055, 2011 WL 2518932, at *1 (Mich. Ct. App. June 23, 2011). The

Michigan Court of Appeals' decision on this issue is thorough and complete, and it does not improperly apply or interpret federal law when applying it to the facts of Petitioner's case. *Bailey*, 271 F.3d at 655.

According to MCL 768.27a, the prosecutor is permitted to introduce evidence "that the defendant committed another listed offense against a minor" as long as it is relevant. As the appellate court noted, Petitioner's prior "bad acts" with minors were relevant as it showed his propensity to molest children. *Hammond*, 2011 WL 2518932, at *1. Moreover, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d at 512 (citing *Estelle*, 502 U.S. at 75 (noting the Court did not hold that admitting prior injury evidence violated due process, meaning habeas relief on that issue was not warranted)), and *Spencer v. Texas*, 385 U.S. 554, 563-64 (1967) (noting the Court rejected the idea that the Due Process Clause requires excluding prejudicial evidence)). As a result, Petitioner's bad acts claims fail.

### B. Prosecutorial Misconduct

Petitioner's next claim is that the prosecutor improperly: (1) "ask[ed] the jury to draw an inculpatory inference from Mr[.] Hammond's failure to deny the sexual assault allegations during direct examination," (2) "ask[ed] Mr. Hammond to comment on the credibility of another witness," (3) "ask[ed] the complainant's biological mother to vouch for her credibility," (4) "suggested that the jury could convict Mr. Hammond of sexual misconduct based on acts that took place after the complainant turned sixteen," (5) "referred to Mr. Hammond as a 'registered sex offender,'" (6) "engaged in misconduct by attacking Mr. Hammond's credibility based on his failure to inform jail personnel that he had a tattoo on his penis," and finally that (7)

"the cumulative effect of the prosecutor's misconduct denied Mr. Hammond due process of law." PageID.32, 36-39.

Prosecutorial misconduct may, at times, rise to the level of a due process violation, thereby entitling a petitioner to habeas review. *Lundy v. Campbell*, 888 F.2d 467, 474 (6th Cir. 1989). In order for a petitioner to be entitled to habeas relief on the basis of prosecutorial misconduct, the petitioner must demonstrate that the prosecutor's improper conduct "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). "[T]he touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982)). In evaluating the impact of the prosecutor's misconduct, a court must consider the extent to which the claimed misconduct tended to mislead the jury or prejudice the petitioner, whether it was isolated or extensive, and whether the claimed misconduct was deliberate or accidental. *See United States v. Young*, 470 U.S. 1, 11-12 (1985). The court also must consider the strength of the overall proof establishing guilt, whether the conduct was objected to by counsel and whether a curative instruction was given by the court. *See id.* at 12-13; *Darden*, 477 U.S. at 181-82; *Donnelly*, 416 U.S. at 646-47; *Berger v. United States*, 295 U.S. 78, 84-85 (1935).

The Michigan Court of Appeals was the last court to review Petitioner's claims of prosecutorial misconduct, which it ultimately denied:

> Next, defendant argues that several instances of prosecutorial misconduct deprived him of a fair and impartial trial. Specifically, defendant asserts that the prosecutor engaged in misconduct by asking complainant's mother if defendant's previous employer knew that defendant was a registered sex offender and if she believed statements

contained in emails between complainant and defendant, by asking defendant to comment on his niece's credibility, by implying that defendant could be convicted based on conduct between defendant and complainant that occurred after complainant turned 16 years of age, by stating during closing argument that defendant did not inform jail personnel about his penis tattoo, and by noting during closing argument that defendant did not claim innocence during his direct examination. We disagree.

A claim of prosecutorial misconduct is reviewed de novo. The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. Prosecutorial misconduct issues are decided on a case-by-case basis. The reviewing court must examine the pertinent portion of the record and evaluate a prosecutor's remarks in context. Prosecutorial comments must be read as a whole and evaluated in light of defense arguments and the relationship they bear to the evidence admitted at trial. Absent an objection at trial to the alleged misconduct, appellate review is foreclosed unless the defendant demonstrates the existence of plain error that affected his substantial rights. Reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings. No error requiring reversal will be found if the prejudicial effect of the prosecutor's remarks could have been cured by a timely instruction.

During cross examination of complainant's mother, the prosecutor asked if defendant's past employer was aware that defendant " was a registered sex offender." Defendant objected to this question and the court sustained the objection based on relevance. Defendant argues that this comment was improper and prejudiced him, but defendant received relief when the court sustained his objection; therefore, he is not entitled to further relief. The court also instructed the jury to not consider the parties' questions as evidence. Moreover, evidence of defendant's past CSC convictions was presented to the jury. Thus, the prosecutor's question, while improper, did not deny defendant a fair trial.

Also during cross-examination the prosecutor showed complainant's mother emails from defendant to complainant and asked her whether she refused to believe what was said in the emails and what the situation was between defendant and complainant. Defendant did not object to the question; therefore, our review is for plain error. Generally, it is improper for the prosecutor to ask a witness to

-9-

comment or opine on the credibility of another witness because credibility is for the jury to determine. Although improper, any prejudice could have been cured by a timely instruction.

The prosecutor also acted improperly by asking defendant whether defendant's niece was lying about defendant's past sexual misconduct with her. But again, any prejudice could have been cured by a timely instruction. Defendant has not demonstrated that the unobjected-to question resulted in plain error.

Defendant's assertion that the prosecutor improperly implied that defendant could be convicted for his behavior with complainant after she turned 16 years old is based on this statement of the prosecutor during closing argument:

> He continues to take advantage of [complainant] until her 16th birthday and then continues to take advantage of her after that. Although the law says when you turn 16 you might be able to consent, it's not like a light switch. She has been primed by him to have sex. So when she turns 16 is it still voluntary? You'll hear the judge say no; consent's not an issue. Can you understand that a 14-year-old girl with her background is at any time able to make an informed decision that her sexual relations with her step-father is a good thing; that it's okay? The defendant certainly knows it's not okay.

Defendant did not object to this comment; thus, our review is for plain error. It is not clear that the prosecutor was implying that the jury could consider the occurrence of sexual behavior between complainant and defendant after complainant turned 16 years old when deciding whether a defendant was guilty. Any prejudice would have been cured by a timely instruction. Moreover, the court instructed the jury that to convict defendant of CSC I it had to find that defendant's sexual conduct with complainant occurred when complainant was less than 16 years of age. No plain error occurred.

Defendant testified that when he was booked into jail he did not inform the jail personnel that he had a tattoo on his penis. The prosecutor mentioned this fact during closing argument in order to attack defendant's credibility. We reject defendant's assertion that the prosecutor's comment violated his Fifth Amendment right to remain silent. Routine booking questions are exempt from the requirements of *Miranda v. Arizona*, 384 U.S. 436; 86 S Ct 1602; 71 L.Ed.2d 490

> (1982). The prosecutor's comment was not improper.
>
> Also during closing argument the prosecutor noted that defendant did not claim innocence on direct examination, but that on cross examination defendant denied that he committed CSC. Defendant's argument that this conduct was improper because the prosecutor knew of defense counsel's ethical limitations and unfairly used defendant's silence regarding his innocence as an implication of guilt is without merit. Defendant did not preserve this issue; therefore, our review is for plain error. Defendant waived his Fifth Amendment right to remain silent by testifying at trial. Moreover, defendant cites only policy reasons to support his assertion that the prosecutor should not have raised this issue because defense counsel was precluded by ethical considerations from doing so. Defendant has not demonstrated that the prosecutor's posing of this question resulted in plain error.
>
> Even though some instances of prosecutorial misconduct occurred, defendant has not established that the cumulative effect of the misconduct affected the outcome of the court proceeding.

*Hammond*, 2011 WL 2518932, at **2-4 (citations omitted). The Michigan Court of Appeals' decision denying Petitioner's prosecutorial misconduct claims is thorough and complete; and it does not improperly apply or interpret federal law when applying it to the facts of Petitioner's case. *Bailey*, 271 F.3d at 655.

Petitioner has not demonstrated that the prosecutor's statement during trial or closing arguments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 180-81 (quoting *Donnelly*, 416 U.S. at 643) (noting, for example, that calling a defendant an "animal" in closing arguments was not prosecutorial misconduct). "[I]t 'is not enough that the prosecutors' remarks were undesirable or even universally condemned"; rather, "[t]he relevant question is whether the prosecutors' comments" infected the trial with unfairness. *Darden*, 477 U.S. at 181 (citations omitted); *see also Wilson v. Mitchell*, 250 F.3d 388, 398 (6th Cir. May 14, 2001) (noting the Sixth Circuit "has been reluctant

to grant habeas petitions based on improper prosecutorial statements at closing argument."). Here, the prosecutor did not misstate the evidence, and he even informed the jury during opening statements that they can only take the testimony as evidence—not his opinions. PageID.672-673. As a result, Petitioner has failed to show that the prosecutor's statements during trial or closing argument were fundamentally unfair, which means his prosecutorial misconduct claims fail.

### C. Ineffective Assistance of Counsel

In Petitioner's final claim, he asserts that his trial attorney was ineffective by failing to object to the aforementioned evidentiary rulings and instances of prosecutorial misconduct. PageID.40-42. In addition, Petitioner claims that his trial attorney was ineffective because he failed to impeach Petitioner's niece in a particular way. PageID.41.

To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court

determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

Moreover, as the Supreme Court repeatedly has recognized, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the deferential standard of *Strickland* is "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *see also Burt v. Titlow*, 134 S. Ct. 10, 13 (2013); *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011); *Premo v. Moore*, 562 U.S. 115, 122 (2011). In those circumstances, the question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 89; *Jackson v. Houk*, 687 F.3d 723, 740-41 (6th Cir. 2012) (stating that the "Supreme Court has recently again underlined the difficulty of prevailing on a *Strickland* claim in the context of habeas and AEDPA . . . .") (citing *Harrington*, 562 U.S. at 102).

Again, the Michigan Court of Appeals considered these claims of ineffective assistance of counsel, and denied them on Petitioner's direct appeal:

> Finally, defendant argues that trial counsel rendered ineffective assistance such that he was denied a fair trial. Specifically, defendant claims that counsel rendered ineffective assistance by failing to object to evidentiary rulings and instances of prosecutorial misconduct such as those discussed above. We disagree.
>
> To establish ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, Counsel must have made errors so serious that he was not performing as the "counsel" guaranteed by the federal and state constitutions. US Const, Am VI; Const 1963, art 1, § 20. Counsel's deficient performance must have resulted in prejudice. To demonstrate the existence of prejudice, a defendant must show a reasonable probability that but for counsel's error, the result of the proceedings would have been

> different and that the result that did occur was fundamentally unfair or reliable. Counsel is presumed to have afforded effective assistance, and the defendant bears the burden of proving otherwise.
>
> The determination whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. The court must find the facts and then decide whether those facts constitute a violation of the defendant's constitutional right to the effective assistance of counsel. A trial court's findings of fact are reviewed for clear error; its constitutional determinations are reviewed de novo. Defendant did not move for a new trial or request an evidentiary hearing on a claim of ineffective assistance of counsel; therefore, we may only review the record for apparent errors.
>
> Defendant has failed to state with specificity how counsel's alleged errors resulted in prejudice, and has not supported his assertion with citations to authority. Thus, we consider his claims to be abandoned. Moreover, our review of the record reveals that any errors of counsel's did not result in prejudice to defendant.

*Hammond*, 2011 WL 2518932, at **4-5 (citations omitted). The appellate court did not misapply federal law to the facts of Petitioner's case, or misinterpret federal law when denying Petitioner's claims of ineffective assistance of counsel. *Bailey*, 271 F.3d at 655.

Petitioner claims that by failing to object to several situations at trial, his attorney prejudiced Petitioner's defense. PageID.40-42. However, Petitioner has failed to first show that his attorney performed deficiently. To constitute deficient performance for a failure to object, defense counsel must so consistently fail to use objections, despite clear reasons for doing so, that counsel's failure to object cannot reasonably have been said to be trial strategy. *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010) (citing *Lundgren v. Mitchell*, 440 F.3d 754, 774-75 (6th Cir. 2006)). Moreover, in regard to deficient performance as it relates to impeachment or cross-examination of a witness, "courts generally entrust cross-examination techniques, like

other matters of trial strategy, to the professional discretion of counsel." *Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 862 (E.D. Mich. June 11, 2009) (quoting *Millender v. Adams* 187 F. Supp. 2d 852, 870 (E.D. Mich. 2002)). "Impeachment strategy is a matter of trial tactics, and tactical decisions are not ineffective assistance of counsel simply because in retrospect better tactics may have been available." *Id.* (quoting *Dell v. Straub*, 194 F. Supp. 2d 629, 651 (E.D. Mich. 2002)).

Here, counsel's decision not to object at various times during trial, and not to impeach Petitioner's niece in a certain way, did not constitute ineffective assistance of counsel. The record clearly demonstrates that counsel adequately cross-examined Petitioner's niece (PageID.510-512 (noting counsel asked the niece if she made other allegations of improper sexual contact in the past, to which she responded affirmatively)), and objected numerous times throughout Petitioner's trial (*see, e.g.,* PageID.307-308, 331, 334, 408, 413, 421, 501, 506, 508, 516, 531, 548, 566, 588, 645, 649, 652). As a result, Petitioner has not demonstrated that counsel's performance fell outside the scope of acceptable trial strategy. *Strickland*, 466 U.S. at 687-88; *see also Mitchell*, 644 F. Supp. 2d at 862.

Even if he had, Petitioner has not shown that his attorney's performance prejudiced the outcome of his trial. *Id.*. There were twelve witnesses testifying against Petitioner at his trial. ECF No. 8-2; ECF No. 8-3. Moreover, there were two hundred pages of emails that corroborated the prosecution's theory of the case against Petitioner. PageID.635-644. As a result, even if Petitioner's attorney did perform deficiently, Petitioner has not shown that the outcome of his case would have been different given the amount of evidence against Petitioner. *Strickland*, 466 U.S. at 687-88. Consequently, Petitioner's ineffective assistance of counsel claims fail.

III.

Overall, this Court concludes that all of Petitioner's claims are without merit. Should Petitioner choose to appeal this action, the Court must determine whether a certificate of appealability may be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Each issue must be considered under the standards set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000). Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court examined each of Petitioner's claims under the *Slack* standard and concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, this Court **DENIES A CERTIFICATE OF APPEALABILITY** as to each issue raised by Petitioner.

For the same reasons the Court dismissed this action, the Court will certify that any appeal by Petitioner from the Court's decision and judgment would be frivolous and not taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is hereby **DENIED**.

In summary, Petitioner's habeas application (ECF No. 3), filed pursuant to 28 U.S.C. § 2254, is **DISMISSED WITH PREJUDICE**. A judgment consistent with this Opinion and Order will be entered.

**SO ORDERED**.

                                                /s/ *R. Allan Edgar*
                                                R. ALLAN EDGAR
                                                UNITED STATES DISTRICT JUDGE

Dated: 3/22/2016